UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No: 6:24-cr-152-JSS-RMN-1

MARK ALAN BRANDJES,

    Defendant.
_____/

## **ORDER**

On March 3, 2025, the court entered a preliminary order of forfeiture in this case pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(e)(1)(B). (Dkt. 69.) The order authorized the forfeiture, as a substitute asset, of real property co-owned by the Defendant and his wife in Florida, and it advised:

> [A]ny person, other than [the Defendant], who has or claims any right, title[,] or interest in the asset must file a petition with this [c]ourt for a hearing to adjudicate the validity of their alleged interest in the asset. The petition should be mailed to the Clerk . . . within [thirty] days of the final publication of notice or of receipt of actual notice, whichever is earlier.

(*Id.*) Accordingly, on April 2, 2025, the Defendant's wife, proceeding pro se, filed with the court letters written by herself and by her two children. (Dkt. 71.) These filings ask that the court "reconsider the forfeiture" and require the Defendant to "pay for his actions" otherwise than "with proceeds from the sale of [the] family home, which is no longer [the Defendant's] house, but the home of" the wife and children.

Case 6:24-cr-00152-JSS-RMN    Document 74    Filed 04/29/25    Page 2 of 3 PageID 282

(*Id.* at 1–2; *accord id.* at 3, 7–8.) The filings further relate that the wife and children have suffered from the Defendant's alcoholism and abuse, the wife is in the process of divorcing him, a restraining order has been entered against him, and his misconduct—of which his family was unaware—has destroyed the family financially. (*See id. passim.*)

In response to the wife's filings, the Government asserts that although the court should recognize her interest in the real property, that property should still be forfeited. (Dkt. 73.) The Government represents to the court:

> Once all claims made to the [p]roperty are filed and resolved, the [Government] will file a motion for final order of forfeiture which will ask the [c]ourt to recognize the interest[s] of [the wife], all valid lienholders, and the [t]ax [c]ollector (if taxes are due). Then, once the [p]roperty is forfeited and sold, after the payment of government expenses and valid liens, the [Government] would split the net proceeds equally with [the wife].

(*Id.* at 5.)

The court construes the wife's pro se filings liberally as not only asserting a claim of interest in the real property but also moving the court for reconsideration of the preliminary order of forfeiture. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (requiring courts "to give liberal construction to" pro se filings). Upon consideration, the court denies the construed motion. The criminal forfeiture statute commands that under certain circumstances, "the court shall order the forfeiture" of substitute property. 21 U.S.C. § 853(p)(2). "'The word "shall" does not convey discretion. It is not a leeway word,' but a word of command." *United States v. Fleet*, 498 F.3d 1225, 1229 (11th Cir. 2007) (quoting *United States v. Quirante*, 486 F.3d 1273,

- 2 -

1275 (11th Cir. 2007)).   Moreover, in "hold[ing] that where the forfeiture of substitute property is concerned, [the statute] preempts Florida's homestead exemption and tenancy by the entireties laws," the Eleventh Circuit has explained:

> There is no innocent spouse defense to criminal forfeiture because the only property being forfeited is the interest that belongs to the [D]efendant.   The fact that the innocent spouse, even though she retains her property interest, may be adversely affected by the forfeiture of her guilty mate's interest is no bar to forfeiture of his interest.

*Id.* at 1232; *see also id.* at 1231 ("Unlike its civil forfeiture counterpart, the criminal forfeiture statute involved in the present case contains no innocent owner exception." (citing *United States v. Jimerson*, 5 F.3d 1453, 1455 & n.4 (11th Cir. 1993))).   For these reasons, the construed motion for reconsideration (Dkt. 71) is **DENIED**.

**ORDERED** in Orlando, Florida, on April 29, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record